AO 245B  (Rev 06/05)  Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

CHRISTIAN HANCOCK

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 8:10-cr-213-T-30EAJ
USM NUMBER: 53703-018

Defendant's Attorney: Landon P. Miller, ret.

THE DEFENDANT:

__ pleaded guilty to count(s) .
__ pleaded nolo contendere to count(s) which was accepted by the court.
X  was found guilty on count(s) ONE, TWO through TEN, and THIRTY-EIGHT through FORTY-TWO of the Second Superseding Indictment after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Wire Fraud and Structuring Financial Transactions | May 2009 | One |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | May 2009 | Two through Nine |
| 18 U.S.C. §§ 1956(h) and 1956(a)(1) | Conspiracy to Launder Money | May 2009 | Ten |
| 21 U.S.C. §§ 5324(a)(3) and (d) and 18 U.S.C. § 2 | Structuring Financial Transactions | November 13, 2007 | Thirty-Eight through Forty-Two |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s)
X  Count(s) ONE through THREE, and THIRTY-ONE through THIRTY-FIVE of the First Superseding Indictment are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: August 16, 2012

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: August 16, 2012

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

Defendant:     CHRISTIAN HANCOCK                                     Judgment - Page 2 of 6
Case No.:      8:10-cr-213-T-30EAJ

## IMPRISONMENT

After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of FIFTY-SEVEN (57) MONTHS. This term consists of FIFTY-SEVEN (57) MONTHS as to each of Counts One through Ten, and Thirty-Eight through Forty-Two of the Second Superseding Indictment, all such term to run concurrently.

__X__ The court makes the following recommendations to the Bureau of Prisons:  The defendant shall be placed at FPC Pensacola, if possible.

__ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.

  __ at __ a.m./p.m. on __.
  __ as notified by the United States Marshal.

__X__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

  __ before 2 p.m. on __.
  __X__ as notified by the United States Marshal.
  __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____

  Defendant delivered on _____ to _____
__ at _____, with a certified copy of this judgment.

                                            _____
                                            United States Marshal

                                            By:_____
                                               Deputy United States Marshal

AO 245B (Rev. 09/11) Sheet 3 - Supervised Release (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | CHRISTIAN HANCOCK | Judgment - Page 3 of 6 |
| Case No.: | 8:10-cr-213-T-30EAJ | |

## SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS as to Counts One through Ten, and Thirty-Eight through Forty-Two of the Second Superseding Indictment, all such terms to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.
- [X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.
- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant: CHRISTIAN HANCOCK | Judgment - Page 4 of 6 |
| Case No.: 8:10-cr-213-T-30EAJ | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X   The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer.

X   The defendant shall provide the probation officer access to any requested financial information.

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X   The mandatory drug testing provisions pursuant to the Violent Crime Control Act are waived. However, the Court orders the probation officer to conduct random drug testing not to exceed 104 tests per year.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | CHRISTIAN HANCOCK | Judgment - Page 5 of 6 |
| Case No.: | 8:10-cr-213-T-30EAJ | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $1,500.00 | Waived | $1,145,826.00 |

\_\_ The determination of restitution is deferred until \_\_\_\_. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Restitution Ordered** |
|---|---|
| Envirofocus Technologies, Inc. (EFT) | $1,084,602.00 |
| Johnson Controls, Inc. | $61,224.00 |
| | |
| Totals: | $1,145,826.00 |

\_\_ Restitution amount ordered pursuant to plea agreement  $ _____.

\_\_ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

\_\_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  \_\_ the interest requirement is waived for the \_\_\_ fine  \_\_\_ restitution.

  \_\_ the interest requirement for the  \_\_\_ fine  \_\_\_ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments (Judgment in a Criminal Case)

Defendant: CHRISTIAN HANCOCK  
Case No.: 8:10-cr-213-T-30EAJ  

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ __1,500.00__ due immediately, and

B. ____ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ____ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ____ Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ____ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __X__ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay restitution in the amount of $1,145,826.00 to the victims in this matter. While in the custody of the Bureau of Prisons, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant is ordered to begin making payments of $400 per month. At any time during the course of post-release supervision, the victim, the government, or the defendant may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__X__  Joint and Several

Restitution in the amount of $1,145,826.00 shall be paid jointly and severally with co-defendant Tina Schneider (now Tina Hancock), and co-conspirators Elier Boza (Docket Number 8:10-cr-274-T-17AEP), Donald Vold (Docket Number 8:10-cr-218-T-27AEP), Emely Romero (Docket Number 8:10-cr-309-T-17AEP, and Donald Lock (Docket Number 8:10-cr-328-T-27AEP).

____ The defendant shall pay the cost of prosecution.

____ The defendant shall pay the following court cost(s):

__X__ The defendant shall forfeit the defendant's interest in the following property to the United States:

The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets previously identified in the Motion for Forfeiture Money Judgment, that are subject to forfeiture, specifically $1,045,993. The Forfeiture Money Judgment is made a part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO. 8:10-cr-213-T-30EAJ

CHRISTIAN HANCOCK

**FORFEITURE MONEY JUDGMENT**

THIS CAUSE comes before the Court on the United States' Motion for Forfeiture Money Judgment, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), in the amount of $1,045,993 against Defendant, which at sentencing shall become a final order of forfeiture.

Being fully advised in the premises, the Court hereby finds that the United States has established that Defendant obtained at least $1,045,993 in proceeds as a result of the conspiracy to commit wire fraud and structure financial transactions, in violation of 18 U.S.C. § 371, as charged in Count One of the Second Superseding Indictment; and the scheme to commit wire fraud, in violation of 18 U.S.C. § 1343, as charged in Counts Two through Nine of the Second Superseding Indictment, for which he was found guilty by a jury. Accordingly, it is hereby

It is ORDERED and ADJUDGED that, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), Defendant is liable to the United States of America for a forfeiture money judgment in the amount of $1,045,993, which represents the amount of proceeds he obtained as a

result of the offenses in violation of 18 U.S.C. §§ 371 and 1343 as charged in Counts One through Nine of the Second Superseding Indictment.

The Court retains jurisdiction to enter any further order necessary for the forfeiture and disposition of any property belonging to the defendant, which the United States is entitled to seek as substitute assets, up to the amount of the forfeiture money judgment, and to entertain any third party claim that may be asserted in these proceedings.

**DONE** and **ORDERED** in Tampa, Florida on August 16, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

S:\Odd\2010\10-cr-213.money judgment269.Hancock.wpd

2